OLIVER, PLAINTIFF AND APPELLEE, *v.* JAYUYA DEVELOPMENT COMPANY, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Arecibo on Motion for Change of Venue in an Action for Damages.

No. 1545.—Decided February 20, 1917.

CHANGE OF VENUE—CORPORATION—PERSONAL ACTION.—Although an action to recover damages for injuries to land, alleged to have resulted from occupying the property for the use of peons and cattle and preventing the free use thereof by the plaintiff, is in its nature personal, it is the kind of personal action which the Legislature has given a definite situs in section 75 of the Code of Civil Procedure—that is, the district in which the subject of the action, or some part thereof, is situated.   In this case a change of venue to the district where the defendant, a domestic corporation, claimed to have its head office was denied.

The facts are stated in the opinion.

*Messrs. José A.* and *Alberto S. Poventud* for the appellant. The appellee did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

The District Court of Arecibo denied the defendant a change of venue and the appeal is from the order so rendered. The cause of action was damages to land due to the alleged wrongful acts of the defendant.   The motion for the change

was based solely on the fact that the defendant was a corporation with its principal office in Ponce. There was no attack on the service and it may be assumed that service, as the district court indicated in its opinion, was and could be had in the district of Arecibo. The complaint alleged that the defendant had an office and center of operation in Jayuya where the complainant also resides and where the land belonging to complainant is also located. The court below gave as its reasons for denying the transfer that as the defendant had an office in Jayuya the complainant had a right to sue it there in accordance with section 78 of the Code of Civil Procedure, which provides:

"The legal residence of merchants, in all that relates to commercial acts and contracts and the consequences thereof, shall be the town where their principal place of business is located.

"Persons who have commercial establishments situated in different judicial districts, may be sued in personal actions at their principal place of business, or where the obligation was incurred, at the election of the plaintiff."

We agree with the court below that the obligation was incurred in the district of Arecibo and that the defendant had an establishment in Jayuya, as the complaint shows, but we are not satisfied from the complaint that the corporation is a merchant in the sense of the law.

The court, however, was also of the opinion that this action was covered by section 75 of the Code of Civil Procedure which provides that—

"Actions for the following causes must be tried in the district in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial, as provided in this Code:

1. For the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property."

The complaint alleges injuries to real estate by occupying the same for the use of peons and cattle and preventing

the free use of the same by the complainant. Without entering into the sufficiency of the allegations for that purpose an inspection of the complaint shows that it purports to claim damages for injuries to land. Now, while such an action is in its nature personal, as appellant maintains, it is the kind of a personal action which the Legislature in section 75 has given a definite situs.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.